IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR L. ROBERTSON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-10-CV-1101-P |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Arthur L. Robertson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1997, petitioner was convicted of murder and sentenced to 90 years confinement. His conviction and sentence were affirmed on direct appeal. *Robertson v. State*, No. 05-98-00089-CR, 2000 WL 10297 (Tex. App.--Dallas, Jan. 7, 2000, pet. ref'd). Petitioner also challenged his conviction on collateral review in state and federal court. Both writs were denied. *Ex parte Robertson*, WR-49,529-01 (Tex. Crim. App. Jun. 13, 2001); *Robertson v. Cockrell*, No. 3-01-CV-1314-D, 2003 WL 21448368 (N.D. Tex. Apr. 18, 2003), *COA denied*, No. 03-10504 (5th Cir. Nov. 4, 2003), *cert. denied*, 124 S.Ct. 2414 (2004).

Undeterred, petitioner now seeks federal habeas relief for a second time on the ground that the prosecutor failed to disclose evidence favorable to the defense. Before addressing this claim, the

court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: June 7, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE